**Raymond T. GOLOMB,
Plaintiff-Appellant,**

v.

**The PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Defendant-Appellee.**

**No. 81–2296.**

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1982.

Decided Sept. 22, 1982.

Rehearing Denied Nov. 9, 1982.

Jack A. Strellis, Waterloo, Ill., for plaintiff-appellant.

Russell M. Pelton, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant-appellee.

Before WOOD and COFFEY, Circuit Judges, and CAMPBELL,* Senior District Judge.

COFFEY, Circuit Judge.

This is an appeal of an order of the United States District Court for the Northern District of Illinois, Eastern Division, entered in an action brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1960) ("ADEA"). The order appealed from denied the plaintiff-appellant's motion for a new trial after a jury verdict in favor of the defendant. The plaintiff-appellant Golomb argues that the district court committed reversible error when it instructed the jury that the plaintiff in an ADEA case must prove that the defendant-employer's stated reason for demoting the plaintiff was a "pretext". We hold that the district court's jury instruction, including the use of the word "pretext", was proper because the instruction clearly and accurately stated the law regarding the plaintiff's burden of proof in an age discrimination suit. AFFIRMED.

This case involves the demotion of the plaintiff Raymond Golomb from the position of sales manager for the defendant Prudential Insurance Company of America (hereinafter "Prudential") to the position of

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

a regular salesman for Prudential. The plaintiff Golomb brought an action in the Northern District of Illinois against Prudential alleging that he was demoted because of age, in violation of the Age Discrimination in Employment Act.

The plaintiff Golomb was hired by Prudential as a sales agent in 1946 and was promoted in 1954 to the position of sales manager in Prudential's Boulevard Manor District Office in Forestview, Illinois. There were five sales managers in the Boulevard Manor Office, including the plaintiff Golomb, each of whom supervised a separate team of insurance salesmen. Golomb's responsibilities as a sales manager consisted primarily of promoting team sales and recruiting new sales agents for Prudential.

In February 1977, the plaintiff Golomb, then age sixty, was demoted from sales manager down to the position of a sales agent. In October of the same year, the plaintiff brought suit under the Age Discrimination in Employment Act against his employer Prudential, alleging that he was demoted because of: (1) his age and (2) his refusal to dismiss the older members of his sales staff. The defendant Prudential, however, successfully showed at trial that Golomb was demoted not because of his age or because of his refusal to dismiss older members of his sales staff, but rather because of his unsatisfactory performance as a sales manager. Prudential introduced evidence at trial showing that Golomb was the least productive of the five sales managers in the Boulevard Manor Office, in that Golomb's sales team had trailed the other four sales teams in the office in terms of gross sales for the years of 1975 and 1976. Prudential also presented evidence demonstrating that the plaintiff Golomb had not fulfilled his employer's expectations in the area of recruiting new sales personnel for Prudential.

At the close of the trial, the district court, over plaintiff counsel's objection, gave the jury the following instruction pertinent to this appeal:

"In order to prove his claim, the burden is upon the plaintiff to establish by a preponderance of the evidence the following five elements:

1. Plaintiff was within the age group protected by the Age Discrimination in Employment Act, that is, he was between 40 and 70.

2. Plaintiff was performing his job at a level that met defendant's legitimate expectations.

3. Plaintiff was nevertheless—plaintiff nevertheless was demoted.

4. Either plaintiff's age or plaintiff's resistance to defendant's attempts to have him discriminate against members of his staff within the protected age group because of age was a determining factor in the plaintiff's demotion.

5. Defendant replaced plaintiff with someone else.

The term 'determining factor' means that but for defendant's motive to discriminate against him because of age, plaintiff would not have been demoted.

If you find that the plaintiff has proved these five elements by a fair preponderance of the evidence, you must then decide whether the defendant's stated reason or determining factor for the demotion was a pretext. The defendant has stated that the plaintiff was demoted because his overall job performance was unsatisfactory. This is a legitimate reason to demote the plaintiff and it dispells any inference that the demotion was improper, unless you find that the stated reason or the determining factor for the demotion was a pretext, i.e., a cover-up for age discrimination.

Plaintiff must establish by a preponderance of the evidence that the defendant's stated reason or the determining factor for the demotion was a pretext. If you find that plaintiff has proved by a preponderance of the evidence that the defendant's stated reason or determining factor was a pretext, then you should find for the plaintiff.

If you find that the plaintiff has not proved by a preponderance of the evidence that the defendant's stated reason or determining factor was not a pretext, then you should find for the defendant.

The Age Discrimination in Employment Act does not require that advanced age and substantial length of service entitle employees to special favorable consideration and does not require that an employer adopt a policy that will maximize the number of older persons in its work force.

Defendant is entitled to make its own policy and business judgment, and may, for example, demote an adequate employee, if its reason is to replace him or her with one who the defendant believes will be even better, as long as this is not a pretext for discrimination."

The jury then retired and, after deliberating, returned a verdict for the defendant Prudential.

In this appeal, the plaintiff argues that the district court's instructions to the jury, quoted above, constitute reversible error because the instructions failed to properly instruct the jury on "the causative effect of age discrimination." [Plaintiff-appellant's brief at 1]. While the plaintiff's briefs are somewhat less than clear as to his exact argument in this appeal, the crux of his argument appears to be: "The court, requiring plaintiff to prove that the defendant's stated reason for Golomb's demotion was a pretext, required in the jury's eye that the plaintiff had to prove the defendant's stated reason was false." [Plaintiff-appellant's brief at 15]. More specifically, the plaintiff argues that the use of the word "pretext" in the jury instruction was improper because: (1) "pretext", to the average juror, is synonymous with "false"; (2) the plaintiff was thus required to prove to the jury that Prudential's stated reason for demoting the plaintiff (i.e., plaintiff's unsatisfactory job performance) was false; and (3) requiring the plaintiff to prove that Prudential's stated reason for the demotion was false equates with requiring the plaintiff to prove that age was the *sole* motivating factor for the plaintiff's demotion, contrary to well established case law under the ADEA.

■ We agree that a successful claimant in an ADEA action need not prove that age was *the sole determining factor* for the defendant-employer's action, but rather that age was *a determining factor*. We reject Golomb's argument presented in this appeal, though, and we hold that the use of the word "pretext" under these circumstances was proper because: (1) the use of "pretext" is an integral part of the burden of proof framework established by the United States Supreme Court for employment discrimination suits; and (2) in common usage, the word "pretext" is not synonymous with "false".

### Issue

Did the district court commit reversible error by using the word "pretext" in its jury instructions regarding the plaintiff's burden of proof in an age discrimination suit?

### The Plaintiff's Burden of Proof

■ The Age Discrimination in Employment Act recites in pertinent part:

"(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;"

29 U.S.C. § 623(a). Thus, to establish a cause of action under the ADEA, a claimant must show that he was discriminated against *because of* his age. In the seminal case of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court established a framework by which a claimant may establish the crucial "because of" element in an employment discrimination suit. The plaintiff in *McDonnell Douglas* alleged that he had been discharged from his employment because he was a Negro.[1] The Court held

---

1. Though *McDonnell Douglas* involved a suit brought under Title VII of the Civil Rights Act of 1964 alleging *racial* discrimination, the order of proof test set out in *McDonnell Douglas* has

that a claimant in a suit alleging job discrimination must first establish a *prima facie* case of discrimination, after which the burden shifts to the defendant-employer "to articulate some legitimate, non-discriminatory reason," *id.* at 803, 93 S.Ct. at 1824, for its action. Should the defendant articulate such a valid business reason, the plaintiff must then prove that the employer's articulated reason is actually "a *pretext* for the sort of discrimination prohibited" and that the employer's "stated reason [for its action] was in fact a *pretext.*" *Id.* at 804, 93 S.Ct. at 1825 (emphasis added). "In short, [the plaintiff] must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a *cover-up* for a racially discriminatory decision." *Id.* at 805, 93 S.Ct. at 1825 (emphasis added).

More recently, the Supreme Court in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 258, 101 S.Ct. 1089, 1093, 1094–1096, 67 L.Ed.2d 207 (1981) summarized the *McDonnell Douglas* formula:

"First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a *pretext* for discrimination.

\*   \*   \*   \*   \*   \*

[W]e are unpersuaded that the plaintiff will find it particularly difficult to prove that a proffered explanation lacking a factual basis is a pretext. We remain confident that the *McDonnell Douglas* framework permits the plaintiff meriting

been adopted by the courts in the field of age discrimination as well. *See e.g. Kephart v. Institute of Gas Technology,* 630 F.2d 1217,

relief to demonstrate intentional discrimination." (Emphasis added).

This court has approved the use of the *McDonnell Douglas* burden-of-proof formula in age discrimination suits. *See Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir. 1980).

■ Guided by these legal principles, we hold that the district court's jury instructions correctly stated the law as use of the word "pretext" is an integral part of the *McDonnell Douglas* burden-of-proof formula. Furthermore, the district court's jury instructions defined "pretext" as a "cover-up for age discrimination;" the Supreme Court in *McDonnell Douglas* also referred to "pretext" as a "cover-up." 411 U.S. at 805, 93 S.Ct. at 1825.

The plaintiff argues that, even though the reported decisions consistently refer to "pretext", use of the word in the district court's jury instruction was error because the average juror equates "pretext" with "false". Thus, the plaintiff contends, the jury believed that in order to recover the plaintiff Golomb had to prove that Prudential's articulated reason for the demotion, i.e., poor job performance, was false.

■■ The plaintiff is correct in arguing that a claimant in an age discrimination suit need not prove that the employer's articulated reason was false. Instead, the plaintiff must prove that age was *a determining factor* in the employer's decision; the employer's articulated reason may in fact have been true, but if age was also a determining factor in the employer's decision, the plaintiff has carried his burden of proof.

"Plaintiff's burden of proof in an age discrimination case is to show that age was a factor in the decision to terminate him. Age need not have been the sole motivating factor but it must have been the 'determinative factor' in his discharge in the sense that 'but for' his employer's motive to discriminate against him be-

1219 (7th Cir. 1980); *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir. 1979).

cause of age, he would not have been discharged."

*Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1222 (7th Cir. 1980) (quoting *Loeb v. Textron*, 600 F.2d 1003, 1019 (1st Cir. 1979)).[2]

■ We reject the plaintiff's argument that the use of "pretext" in a jury instruction is error as the plaintiff has failed to prove the key premise of his argument, i.e., that to the average lay juror, "pretext" is synonymous with "false". The plaintiff points to no authority in support of this assertion, and our review of authority on the English language shows that "pretext" is not synonymous with "false".[3]

### Conclusion

We hold that the district court's inclusion of the word "pretext" in its jury instruction regarding the plaintiff's burden of proof in an age discrimination suit was not error because: (1) the word "pretext" is an integral part of the burden-of-proof framework established by the Supreme Court; and (2) "pretext" in common usage is not synonymous with "false" and thus use of "pretext" in the jury instruction did not impose an improper burden of proof on the plaintiff.

The order of the district court is AFFIRMED.

2. The courts, including this court in *Kephart*, have created confusion by using the terms "*a* determinative factor" and "*the* determinative factor" interchangeably when describing the plaintiff's burden of proof in discrimination cases. Use of the definite article "*the*" instead of the indefinite article "a" incorrectly suggests that the plaintiff in an ADEA action must prove that age was the sole determinative factor in his demotion or firing. *See generally Smithers v. Bailar*, 629 F.2d 892, 896 98 (3rd Cir. 1980). We note that the district court in the case at bar, in describing the plaintiff's burden of proof, correctly instructed the jury that Golomb had to prove that "age was *a* determining factor in plaintiff's demotion." The district court went on to correctly state: "The term 'determining factor' means that but for defendant's motive to discriminate against him because of age, plaintiff would not have been demoted."

In the future, we urge the district courts in this circuit to avoid any possible confusion by referring, in jury instructions and written opinions, to the plaintiff's burden in an age discrim-

ination case as requiring proof that age was "*a* determining factor" in the employer's challenged decision. Furthermore, it would be wise to expressly instruct the jury that age need not be the sole determining factor in the employer's decision but *a* determining factor.

3. Since we are concerned with the average layman's understanding of the term "pretext", it is appropriate to rely on definitions contained in dictionaries rather than legal treatises. The following examples of commonly understood definitions do not equate "pretext" with "false":

"pretext: a purpose or motive alleged or an appearance assumed in order to cloak the real intention or state of affairs: EXCUSE, PRETENSE, COVER." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1797 (1981).

"pretext: An ostensible or professed purpose; pretense; excuse." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1038 (1973).