Gerry W. MONROE, et al., Plaintiffs,

and

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

UNITED AIR LINES, INC. and Air Line Pilots Association, International, Defendants.

Lee F. HIGMAN, et al., Plaintiffs,

and

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

UNITED AIR LINES, INC. and Air Line Pilots Association, International, Defendants.

Nos. 79 C 360, 79 C 1572.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1983.

Raymond C. Fay, Alan M. Serwer, Scott A. Mayer, Haley, Bader & Potts, Chicago, Ill., for plaintiff Miller.

Edward J. Wendrow, Edward L. Foote, Winston & Strawn, Chicago, Ill., for defendant United.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's January 12, 1983 memorandum opinion and order (the "Order") directed United Air Lines, Inc. ("United") to reinstate on specified terms 94 plaintiffs who elected to work as Second Officers beyond age 60. One of those electing reinstatement was former Captain W.J. Roger Miller ("Miller").

On July 18, 1983 United discharged Miller, who had then completed almost all his Second Officer training. As grounds for termination United cited safety infractions

allegedly committed by Miller October 15, 1981, on his last flight as a United Captain. As was true of all other plaintiffs, Miller's termination was a mandatory retirement under the United Age 60 Policy the jury—and then this Court—later found unlawful.

Miller's current motion asserts proper enforcement of the Order requires a new order nullifying his recent discharge and directing his continued employment. For the reasons stated in this memorandum opinion and order Miller's motion is denied (without prejudice to any remedies he may have outside this litigation).

Miller's entire argument (Mem. 2–4; R.Mem. 1–4) rests on the proposition collateral estoppel and res judicata principles bar United from now raising Miller's alleged 1981 infractions as grounds for his discharge. Miller says (Mem. 2) United "could have" raised that matter in this ADEA action by asserting either (1) he was unqualified to serve as a Second Officer or (2) his October 1981 termination was otherwise "based on reasonable factors other than age." 29 U.S.C. § 623(f)(1). Miller urges United's failure to raise that defense bars it from acting on the October 1981 matter now.

Miller's phrasing of his argument led United to contest the historical facts concerning when "it" (rather than Miller's immediate supervisors) knew of Miller's alleged infractions. Ans.Mem. [2]–[6]. Miller responds in historical kind. R.Mem. 2–3. But those arguments and United's arguments about this Court's jurisdiction (Ans. Mem. [4]–[6]) are beside the point.

■ Whatever United (in its corporate embodiment) "knew" as a historical matter, Miller's infractions would not have been a *legal* defense to *this* action. Every ADEA action poses the question of intent: whether an employer *in fact* "discriminated against [an employee] *because of* his age."

1. Similarly the BFOQ defense under 29 U.S.C. § 623(f)(1) makes an exception to ADEA's ban for an employer's differentiation among employees on the basis of age when age *is* "a bona fide occupational qualification reasonably necessary to the normal operation of the business." *See Orzel v. City of Wauwatosa Fire*

*Golomb v. Prudential Insurance Co. of America,* 688 F.2d 547, 550 (7th Cir.1982) (emphasis in original). Thus an employer's "reasonable factors" defense must assert the factual contention it *did not act* on the basis of age but *did act* on some other basis.[1] In shorthand terms, the "factual inquiry" is intentional discrimination vel non. *Cf. United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) (Title VII action).

Miller's argument supposes United "could have" defended itself under ADEA by asserting grounds for his 1981 termination it *might have* relied upon but did not rely upon in fact. But that would mean an ADEA defendant would be invited by law to search for reasons it could have used to justify its decision to terminate, but in fact played no part in that decision. In effect Miller argues ADEA contemplates post hoc pretextual defenses!

■ Because Miller's alleged conduct could not have defeated his ADEA claim (for United would have been false had it asserted that conduct as its ground for terminating him), United of course had no obligation—indeed no right—to interpose that conduct as a defense. And because it had no such obligation or right, its failure to defend on that ground cannot be the predicate for a res judicata or collateral estoppel ruling now.

Miller may or may not have a legitimate grievance against United.[2] He may or may not have good cause to object to United's delay in acting on the alleged 1981 safety infractions. But this is not Miller's proper forum.

### Conclusion

Miller's motion for an enforcement order is denied.

*Dep't,* 697 F.2d 743, 748 (7th Cir.1983), *petition for cert. filed,* 52 U.S.L.W. 3122 (Aug. 8, 1983) (No. 83–205).

2. Miller has indeed filed a grievance under his union's procedures. Ans.Mem. [4].