**Dick MAYALL, Plaintiff–Appellant,**

v.

**PEABODY COAL COMPANY, Defendant–Appellee.**

No. 92–1800.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1993.

Decided Oct. 5, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 8, 1993.

John D. Lynn and Michael J. Hoare (argued), Hoare & Associates, St. Louis, MO, for plaintiff-appellant.

Allan Goodloe, Jr. and William A. Schmitt (argued), Thompson & Mitchell, Belleville, IL, for defendant-appellee.

Before EASTERBROOK and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

After a full trial in this age discrimination case, the district court entered judgment against plaintiff-appellant Dick Mayall ("Mayall") in accordance with the jury verdict. Mayall moved for a new trial, challenging both the district court's refusal to correct an alleged misstatement of law by counsel for defendant Peabody Coal Co. ("Peabody") and the jury instructions. The district court denied Mayall's motion for a new trial, and he appeals. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We affirm.

## I.

Mayall was employed as the Manager of Corporate Equipment and Maintenance at Peabody. When Peabody terminated Mayall's employment, he was 66 years old and had 44 years of experience in the mining industry, 20 of which were with Peabody. Despite Mayall's record of excellent performance evaluations, the President of Peabody, Howard Williams ("Williams"), decided to eliminate Mayall's position as part of an effort to cut back operations and reduce costs. During the three years prior to his termination, Mayall was responsible for ensuring that parts suppliers were providing parts that met Peabody's specifications. After determining that the suppliers were furnishing adequate parts, Williams decided to eliminate Mayall's position. Williams did not fill Mayall's former position, nor was it ever his intention to do so. During this period, Peabody was experiencing severe financial difficulties. As a result, Peabody consolidated three of its divisions, eliminating 120 corporate staff positions and also shut down at least 15 mines, laying off several hundred miners.

The Vice President of Materials Management, John Kappler ("Kappler"), testified that he was aware that Mayall had plans to retire at a specific time. Therefore, he requested that Williams provide Mayall with a consulting package in order that Mayall could continue to work until that time. Williams agreed to do so, but Mayall did not accept the agreement, saying that he did not want to retire and that he needed additional time to review the consulting agreement with his attorney. Peabody subsequently contacted Mayall several times regarding the agreement. Finally, after the consulting offer had been open for approximately six weeks, Peabody revoked the offer. Two days later, Mayall was terminated.

Walter Lueking ("Lueking") was formerly the Materials Manager for Peabody's Illinois Division. When that position was eliminated during Peabody's cost-cutting period, he was not terminated. Instead, he obtained a posi-

tion in the Material Management Department at Peabody's corporate headquarters. Kappler requested that Mayall take Lueking on supplier inspections so that Lueking could learn from him. Mayall did so. Later, however, Williams instructed Kappler that he did not want anyone performing supplier inspections because that function had been abolished. Furthermore, Lueking testified that he did not perform these inspections after Mayall left Peabody's employ.

Mayall sued Peabody, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Mayall's suit was primarily based on his contention that Lueking, who was 53 years of age, had received better treatment than Mayall during the company cutbacks and that Lueking served as a replacement for him. After a full trial the jury found in favor of Peabody. Mayall moved for a new trial, but his motion was denied by the district court. On appeal, Mayall argues he should have been granted a new trial, because the district court erred when it: (1) refused to correct a misstatement of law by Peabody's counsel during closing argument, (2) submitted to the jury an instruction that placed a heavier burden on Mayall than was warranted by law, and (3) refused to define the phrase "a determining factor" in the jury instructions.

## II.

◼ Mayall asserts that his motion for a new trial should have been granted because of alleged district court errors. We review the grant or denial of a motion for a new trial for abuse of discretion. *Cygnar v. Chicago,* 865 F.2d 827, 835 (7th Cir.1989). Mindful of this standard, we address Mayall's specific contentions.

1. The following interchange took place after the alleged misstatement:

MR. HOARE
[Mayall's counsel]: That's not the law, Your Honor.
THE COURT: I didn't hear your objection.
MR. HOARE: It misstates the law.
THE COURT: Overruled.
MR. GOODLOE
[Peabody's counsel]: You can read the instruction and if I have misstated it, don't hold it against my client.

### A. *The Closing Argument*

◼ Mayall argues that the district court erred when it refused to grant a new trial on the basis of an alleged misstatement of the law by Peabody's counsel during his closing argument. That statement is as follows:

> It is unlawful for an employer to terminate an employee who is 40 years or older because of his age. Tell me who did you hear about in this case under 40 that received any different treatment from Mr. Mayall? Nobody. Now if that is the law, then we have to discriminate against him and treat him differently than people under 40.

(Tr. 276.) Mayall's counsel timely objected to this statement, asserting that it misstates the law. The district court overruled the objection.[1]

We first consider whether this statement misstates the law. Mayall bases his assertion on this Circuit's recognition that "an employer is not insulated from liability for age discrimination when he chooses among people in the protected class." *La Montagne v. American Convenience Products, Inc.,* 750 F.2d 1405, 1411 n. 4 (7th Cir.1984).[2] However, the alleged misstatement, especially when considered as part of the closing arguments in their entirety, is not clearly at odds with *La Montagne.* Peabody presented evidence at trial indicating that many individuals under 40 lost their jobs in the Material Management Department during the consolidation period. Consequently, these individuals were in positions similar to Mayall with respect to Lueking. Peabody's statement may have been an attempt to respond to Mayall's effort to focus the jury's attention on the fact that Lueking was retained while Mayall was not. For this reason, we defer to the district

(Tr. 276.)

2. The court in *La Montagne* also stated that "if two people apply for the same position, and one is 42 and the other 52, the employer may not lawfully turn down either one on the basis of age, but must make such decision on the basis of some other factor." 750 F.2d at 1411 n. 4, quoting 29 C.F.R. § 1625.2(a).

court's finding that "[t]here is nothing about this statement that would be in any way prejudicial to the plaintiff." (R. 38 at 2–3.)

Even if the statement had been in error, it does not warrant reversal, as "improper comments during closing argument rarely rise to the level of reversible error." *Probus v. K–Mart, Inc.,* 794 F.2d 1207, 1210 (7th Cir. 1986). "Improper statements during closing arguments warrant reversal only if they 'influenced the jury in such a way that substantial prejudice resulted to' the opposing party." *Arcor, Inc. v. Textron, Inc.,* 960 F.2d 710, 713 (7th Cir.1992) (quoting *Fenolio v. Smith,* 802 F.2d 256, 258 (7th Cir.1986)). First, this statement did not result in substantial prejudice to Mayall because the overall evidence in favor of Peabody was overwhelming. Peabody was in the process of consolidating three of its divisions and shutting down 15 mines, resulting in the loss of hundreds of jobs. Furthermore, Williams testified that the supplier inspections that Mayall had been conducting were no longer necessary and were not performed after Mayall left. Williams' testimony was corroborated by Lueking's testimony that he did not perform these inspections after Mayall's termination.

Any potential prejudice to Mayall was also lessened substantially by the fact that the jury was instructed that it was their duty to apply the law contained in the instructions and that arguments, statements and remarks of counsel were not evidence. Instructions of this sort are helpful in curing potentially improper remarks. *See, e.g., United States v. Dominguez,* 835 F.2d 694, 700 (7th Cir. 1987); *Probus,* 794 F.2d at 1211. Finally, at the end of the interchange in which the alleged misstatement was made, Peabody's

counsel himself reminded the jury to read the instructions themselves. For these reasons, the district court committed no reversible error and did not abuse its discretion in refusing to grant a new trial on this basis.

### B. *The Jury Instruction*

Mayall also makes two objections to one of the jury instructions.[3] Our review of jury instructions is limited, seeking "only to determine if 'the instructions as a whole were sufficient to inform the jury correctly of the applicable law.'" *Patel v. Gayes,* 984 F.2d 214, 219 (7th Cir.1993). We construe jury instructions "in their entirety and not in artificial isolation" and reverse only when "the jury's comprehension of the issues is so misguided that a litigant is prejudiced." *Goldman v. Fadell,* 844 F.2d 1297, 1302 (7th Cir.1988).

■ Mayall's first objection is that this jury instruction placed an unwarranted burden on him because it required him to prove that his age "was a determining factor in the defendant's decision to discharge him," but still allowed Peabody to escape liability by proving that "plaintiff's employment would have been terminated regardless of his age." Mayall asserts that "a determining factor" is a conclusive causative factor that, once found, made it unnecessary for him to rebut Peabody's affirmative defense. This assertion does not comport with the structure of proof in extant discrimination cases. In *Visser v. Packer Engineering Associates, Inc.,* we applied the following reasoning from Title VII cases to the age discrimination arena: "[O]nce the plaintiff in a civil rights case has shown that a forbidden purpose was a sub-

---

**3.** The challenged jury instruction was presented as follows:

> The plaintiff has the burden of proving each of the following propositions:
> First, that plaintiff was terminated from his job.
> Second, that plaintiff's age was a determining factor in the defendant's decision to discharge him.
> Third, that as a direct result of defendant's conduct, plaintiff sustained damages.
> In this case defendant has asserted the affirmative defense that plaintiff's employment would have been terminated regardless of his age.

> The defendant has the burden of proving this defense.
> If you find from your consideration of all the evidence that each of the propositions required of the plaintiff has been proved and that defendant's affirmative defense has not been proved then your verdict should be for the plaintiff. If on the other hand, you find from your consideration of all the evidence, that any one of the propositions the plaintiff is required to prove has not been proved, or that defendant's affirmative defense has been proved then your verdict should be for the defendant.
> (Tr. 241–242.)

stantial factor in the decision to fire him, the burden shifts to the employer to persuade the court that the plaintiff would have been fired anyway, even if that purpose had not existed." 924 F.2d 655, 658 (7th Cir.1991) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). If an employer can show by a preponderance of the evidence that an employee would have been terminated without taking the impermissible consideration into account, the employer will not be found liable.

In an adversary system, the responsibility falls to the plaintiff employee to rebut an employer's proffered affirmative defense or risk a finding that the employer is not liable.[4] Thus, the instruction that "if the defendant's affirmative defense has been proved then your verdict should be for the defendant" does not place an additional, unwarranted burden on Mayall. Instead, this instruction expresses the decisional system for discrimination cases constructed by the Supreme Court. The instruction thus correctly informed the jury of the applicable law. Therefore, the district court did not err in giving this instruction, nor did it abuse its discretion by refusing to grant Mayall a new trial on this basis.

■ Mayall's second objection to the jury instruction is that the district court's refusal to define the phrase "a determining factor" impermissibly left the jury with the impression that Mayall had to prove that age was the sole reason for his termination. We previously directed district courts to use the phrase "a determining factor," rather than "the determining factor," in order to avoid that very inference. *Golomb v. Prudential*

*Ins. Co.*, 688 F.2d 547, 552 n. 2 (7th Cir.1982). *Golomb* was correctly followed here.[5]

"It is only error to fail to define 'enigmatic terms' that leave the jury to speculate on their meaning." *MCI Communications v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1159 (7th Cir.), *cert. denied*, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983). When the use of a term in jury instructions comports with its ordinary meaning, it needs no further explanation. *Id.; see also United States v. Cherif*, 943 F.2d 692, 699 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). The phrase "a determining factor" has clear meaning in the otherwise proper instructions; it is not a technical term that would require additional explanation. Therefore, the district court's refusal to define the phrase "a determining factor" did not prejudice Mayall. Consequently, the district court committed no error. Thus, the district court did not abuse its discretion by refusing to grant Mayall a new trial on these grounds.

### III.

For the foregoing reasons, the district court's denial of Mayall's motion for a new trial is AFFIRMED.

ILANA DIAMOND ROVNER, Circuit Judge, dissenting.

The district court instructed the jury that it must find in Peabody's favor if Peabody had proven that it would have terminated Mayall regardless of his age, even if Mayall had also established that age was a "determining factor" in Peabody's decision.[1] This

---

4. *See Fisher v. Transco Services–Milwaukee, Inc.*, 979 F.2d 1239, 1243 (7th Cir.1992) (stating that if an employer articulates a legitimate, nondiscriminatory reason for the discharge, the burden of production shifts back to the plaintiff to show that the employer's proffered reason is pretextual); *King v. General Elec. Co.*, 960 F.2d 617, 621–22 (7th Cir.1992) (setting out the same burden-shifting approach and stating that "in an age discrimination case, a terminated individual must prove that he would not have been discharged or demoted but for his employer's motive to discriminate against him because of his age").

5. In *Golomb*, however, we did advise that "it would be wise to expressly instruct the jury that age need not be the sole determining factor in the employer's decision but a determining factor." 688 F.2d at 552 n. 2. That advice is still sound, but a district court is not *required* to give such an instruction.

1. That is the import of the burden of proof instruction, which advised the jury that "[i]f ... you find from your consideration of all the evidence that any of the propositions the plaintiff is required to prove has not been proved, *or* that defendant's affirmative defense has been proved then your verdict should be for the defendant."

was a recipe for confusion. *See Hicks v. Brown Group, Inc.,* 902 F.2d 630, 655 (8th Cir.1990), *vacated and remanded on other grounds,* 499 U.S. 914, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991). As our precedents make clear, finding that age was a "determining factor" is equivalent to finding that the plaintiff would not have been terminated "but for" his age. *See, e.g., Holzman v. Jaymar–Ruby, Inc.,* 916 F.2d 1298, 1304 (7th Cir. 1990); *Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988); *La Montagne v. American Convenience Prod., Inc.,* 750 F.2d 1405, 1409 (7th Cir.1984); *Golomb v. Prudential Ins. Co. of Am.,* 688 F.2d 547, 551–52 (7th Cir. 1982).[2] Thus, if a jury accepts the plaintiff's contention that age was a "determining factor" in his discharge, it has necessarily rejected the employer's contention that it would have terminated the plaintiff regardless of his age; both cannot simultaneously be true.

The district court itself seemed to acknowledge the inherent contradiction, explaining:

> You cannot have both of these situations existing in the same case. If he was discharged, if we assume for the sake of discussion that the discharge was made and that his age was a determining factor in the discharge, then it would be an impossibility for the affirmative defense to be proven, so that it's got to be one or the other, and if he proves that the age was a determining factor, then that's the end of the case.

Tr. at 246–47. The court nonetheless declined to rephrase the instruction, because "[u]nfortunately as I read these cases, the courts, including the Seventh Circuit have used this language and have said this. I

don't think I can take it on myself to fly in the face of that." *Id.* at 247.

In fact, we have never suggested that if age was a "determining" factor in the discharge decision, an employer might still prevail with proof that the plaintiff would have been terminated regardless of his age; that would be inconsistent with the "but for" connotation we have attributed to "determining." We *have* stated, as the majority points out (Op. at 573–74), that "once the plaintiff in a civil rights case has shown that a forbidden purpose was a *substantial* factor in the decision to fire him, the burden shifts to the employer to persuade the court that the plaintiff would have been fired anyway, even if that purpose had not existed." *Visser v. Packer Eng'g Assocs., Inc.,* 924 F.2d 655, 658 (7th Cir.1991) (en banc) (emphasis added) (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). But we did not use the word "substantial" in *Visser* as a casual substitute for "determining." Proof that age was a "substantial" or "motivating" factor in the discharge decision does not answer the question of whether the plaintiff would have been terminated "but for" his age; within the burden-shifting framework of *Price Waterhouse* and *Visser,* that is a separate question altogether.

I am sympathetic to the plight of a district judge called upon to fashion a coherent set of jury instructions that accurately reflects the complex legal principles governing age discrimination claims. *See Visser,* 924 F.2d at 661 (Flaum, J., dissenting). But I cannot agree with the majority that the district court's instruction in this case "correctly informed the jury of the applicable law." Op. at 574. The notion that age can be a "deter-

---

Tr. at 242 (emphasis supplied). The use of the disjunctive "or" suggests that the jury was required to find for the defendant if the affirmative defense had been proven, even if the plaintiff had also established each of the propositions he was obligated to prove. The same instruction explained that it was Mayall's burden to prove, inter alia, "that [his] age was a determining factor in the defendant's decision to discharge him" and Peabody's burden to prove "that plaintiff's employment would have been terminated regardless of his age." *Id.* at 241. Reading the instruction as a whole, the jury was thus advised to find for Peabody if Mayall had failed to prove that age was a determining factor *or* (regardless

of whether Mayall had carried this burden) if Peabody had proven that it would have terminated Mayall despite his age.

**2.** Thus, in *Golomb,* we approved the following jury instruction:

> The term "determining factor" means that but for defendant's motive to discriminate against him because of age, plaintiff would not have been demoted.

688 F.2d at 552 n. 2. The record makes clear that the parties and the district court understood the term in exactly the same way here. *See* Tr. at 216, 217, 219, 237, 248.

mining" factor yet not the "but for" cause of the plaintiff's discharge defies both precedent and logic, and yet that is the premise of the district court's instruction. Nothing in the remainder of the instructions resolved this conundrum. Because the jury was therefore deprived of a proper framework for evaluating the evidence, reversal is mandatory.[3]

I also disagree that the defendant's closing remarks were not prejudicial to Mayall. Op. at 573. Peabody's counsel argued:

> [T]here are various instructions the court will give you. We obviously have them, I have had them. You will take these with you, so first of all I think I can read them correctly. If I don't, read them to yourself. You can read and understand them as well as I can. It is unlawful for an employer to terminate an employee who is 40 years or older because of his age. Tell me who did you hear about in this case under 40 that received any different treatment from Mr. Mayall? Nobody. *Now if that's the law, then we have to discriminate against him and treat him differently than people under 40.*

Tr. at 275–76 (emphasis supplied). This plainly misstates the law, for the ADEA does *not* require proof that the defendant treated employees under the age of 40 more favor-

ably than it did the plaintiff. *La Montagne,* 750 F.2d at 1411 n. 4. The majority suggests that Peabody's counsel was merely arguing, as an evidentiary matter, that younger employees (even those under 40) were not necessarily treated more favorably than Mayall. Op. at 573. But the context of the remark belies that explanation. Peabody's counsel first recited the standard jury instruction advising that "[i]t is unlawful for an employee to discriminate against an employee who is 40 years of age or older because of his age," and then explained to the jury that in order for Peabody to be held liable under that rule, "we *have to* ... treat him differently than people under 40." *Id.* (emphasis supplied). Mayall's counsel promptly objected to this argument (Tr. at 276) and rightly so, but the district court overruled the objection. When Peabody's counsel made essentially the same argument twice more (Tr. at 277–78, 285), the jury may well have been left with the mistaken impression that Peabody must prevail unless Mayall had proven that he was treated less favorably than employees under the age of 40.

The usual admonition to the jury that it follow the law set forth in the instructions was of no help to Mayall. Nothing in the jury instructions corrected the misimpression conveyed by Peabody's counsel; indeed, it is

---

**3.** The majority has addressed Mayall's objection to the jury instruction as if it were solely an argument that the instruction imposed an unwarranted burden of proof on him. *See* Op. at 573–74. Although Mayall does make an argument to this effect (Mayall Br. at 20–22), his first and principal objection is that the instruction was confusing to the extent it suggested that age might not be the "but for" cause of his discharge even if it were a "determining factor" (*id.* at 17–20). I find this argument compelling for the reasons I have stated, but the majority has overlooked it. As for Mayall's objection to the burden of proof imposed on him by the instruction, I would simply make two brief observations. First, to the extent that the instruction suggested that age must be something more than a "determining factor" in Mayall's discharge in order for him to prevail, it did impose a burden on Mayall that is inconsistent with precedent, for we have never required that age be anything more than a "determining factor" in order for an ADEA plaintiff to prevail. *See, e.g., Golomb,* 688 F.2d at 550, 551–52. Second, where more than one reason motivated the plaintiff's discharge, under

*Price Waterhouse,* a plaintiff need only show that age was a "substantial" factor; once he has done so, the burden of persuasion shifts entirely to the employer, who must show that the plaintiff would have been terminated even if age had not been considered. *Price Waterhouse,* 490 U.S. at 244–45, 258, 109 S.Ct. at 1787–88, 1794 (plurality op.), and 261–79, 109 S.Ct. at 1796–1805 (O'Connor, J. concurring in the judgment); *Visser,* 924 F.2d at 658. Thus, it is not correct, as the majority seems to suggest, that the plaintiff always retains the obligation to rebut the employer's affirmative defense. (Op. at 574.) *See Berlett v. Cargill, Inc.,* 780 F.Supp. 560, 562 (N.D.Ill. 1991); *see also Ostrowski v. Atlantic Mut. Ins. Cos.,* 968 F.2d 171, 184–186 (2d Cir.1992).

Finally, I agree that the district court normally is not obliged to define "determining factor" for the jury as we suggested in *Golomb,* 688 F.2d at 552 n. 2. *See* Op. at 574 & n. 5. I would point out, however, that it is precisely because we would expect the jury to otherwise give the term its ordinary meaning that the instruction at issue here is confusing. "Determining" means "but for." *See Random House Dictionary of the English Language (Unabridged)* 542 (2d ed. 1987).

completely plausible to think that a jury reading (or listening to) the quoted instruction would conclude that counsel's interpretation was natural and correct. This erroneous view of the law was necessarily prejudicial to Mayall, whose case focused on the company's decision to retain Lueking, an employee who was thirteen years younger than Mayall but nonetheless over the age of 40. At the same time, I cannot say that the evidence favored Peabody to such an extent that the error was harmless. *See* Op. at 573. Although the evidence was sufficient to support a verdict in Peabody's favor, the case certainly was not lopsided. Whether Peabody truly eliminated Mayall's position and whether age played any role in the decision to discharge Mayall while retaining a younger employee are questions that turn on the credibility of the witnesses, as is so often true in discrimination cases. *See La Montagne, Inc.*, 750 F.2d at 1410. Consequently, the repeated and uncorrected misstatement of the law by Peabody's counsel, coupled with the hopelessly confusing jury instruction, compels a new trial.

I therefore respectfully dissent.