**OLD REPUBLIC INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**EMPLOYERS REINSURANCE CORPORATION, Defendant–Appellee.**

**No. 97–2449.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 23, 1998.

Decided May 22, 1998.

Michael R. Hassan (argued), Albert E. Fowerbaugh, Jr., Lord, Bissell & Brook, Chicago, IL, for Plaintiff–Appellant.

David E. Stevenson (argued), Williams & Montgomery, Chicago, IL, for Defendant–Appellee.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

KANNE, Circuit Judge.

Old Republic Insurance Company ("Old Republic") sued Employers Reinsurance Corporation ("ERC") for a declaratory judgment to determine whether portions of Old Republic's letter of intent or whether ERC's facultative certificates formed the contract that bound their reinsurance agreement.[1] Old Republic also sued for breach of that contract. The district court held that the facultative certificates formed the contract. Old Republic challenges the court's refusal to award it monetary damages, its order compelling Old Republic to comply with the facultative certificates, and one of its evidentiary rulings. We affirm the district court's judgment to the extent it orders that the facultative certificates govern the obligations

---

**1.** Reinsurance contracts fall into two categories: they are either "facultative" agreements, as may be evidenced by "facultative certificates," or they are "treaties." The word "facultative" derives from the Latin word for "ability" or "power." *Compagnie De Reassurance D'Ile De France v.*

*New England Reins. Co.,* 57 F.3d 56, 62 n. 4 (1st Cir.1995). It connotes "optional action," meaning that the reinsurer's participation is "permissive," not "obligatory." Kenneth Thompson, Reinsurance 53 (4th ed.1966).

of the parties and vacate the portion that compels Old Republic to comply with those certificates. Any evidentiary error the district court may have made was .harmless.

## I. HISTORY

In 1986, Old Republic agreed to participate in an insurance program covering ARA Services, Inc. ("the ARA Program"). As part of this program, Old Republic agreed to provide worker's compensation, employer's liability, auto liability, and general liability coverage to ARA Services. ERC agreed to provide facultative reinsurance to Old Republic for this program. ERC's reinsurance at issue in Old Republic's lawsuit covered two policy periods, March 1, 1986 to May 1, 1987 ("the 1986–1987 policy year") and May 1, 1987 to May 1, 1988 ("the 1987–1988 policy year").

After meetings on January 7, 1986 and January 22, 1986 between Old Republic, ERC, and other parties participating in the ARA Program, Old Republic prepared and sent a letter of intent setting forth the terms of the ARA Program for the 1986–1987 policy year. After Old Republic sent the letter of intent, the parties revised it at least nine times. In 1987, Old Republic attempted to convince ERC to sign another letter of intent which covered both the 1986–1987 policy year and the 1987–1988 policy year. ERC refused to sign since its facultative certificates had already been issued. The terms of the facultative certificates relating to the coverage of certain expenses differed from the terms of the letter of intent.

On October 18, 1995, Old Republic initiated this action against ERC. Old Republic sought a declaration that Old Republic's letter of intent covered the terms of ERC's reinsurance coverage rather than the facultative certificates which ERC issued. Old Republic also sought $1,700,000 for ERC's failure to provide reinsurance coverage to Old Republic for payments made in the ARA Program. In its amended answer, ERC denied that the letter of intent was a binding contract, and through an affirmative defense, ERC alleged that its facultative certificates were the controlling reinsurance contract.

The case was tried in Chicago, with a visiting judge from the District of North Dakota presiding. At trial, Old Republic introduced two charts to prove damages for breach of the letter of intent. Applying a coverage formula based on that document, Old Republic calculated the total amount ERC owed Old Republic. According to its calculations, ERC was obligated to pay Old Republic for 100% of all loss adjustment expenses and 98% for worker's compensation claims. ERC argued that it owed a proportionate share of loss adjustment expenses as set forth in the facultative certificates. To rebut Old Republic's damage claim, it introduced a chart showing coverage under the terms of the facultative certificates. Both Old Republic and ERC presented evidence that ERC owed Old Republic money if either set of documents governed.

On March 5, 1997, the district court held that Old Republic accepted ERC's facultative certificates as the contract and that the terms of the facultative certificates were binding on Old Republic. See *Old Republic Ins. Co. v. Employers Reins. Corp.*, No. 95 C 5983, slip op. at 13 (N.D.Ill. Mar. 5, 1997). The court awarded ERC reasonable costs and "compelled [Old Republic] to comply with the facultative certificates" in its settlement with ERC. *Id.* at 14. On March 19, 1997, Old Republic filed a motion to alter and amend the judgment, requesting, in part, that the district court determine the amount of money ERC owed Old Republic and vacate that part of the judgment "compelling" Old Republic to comply with the facultative certificates and instead to issue a declaration to that effect. On May 14, 1998, the district court denied Old Republic's motion.

Old Republic appealed.

## II. ANALYSIS

Old Republic challenges the district court's refusal to award it monetary damages, its order compelling Old Republic to comply with the facultative certificates, and one of its evidentiary rulings. Old Republic does not challenge the district court's decision that the facultative certificates contain the controlling terms of the contract.

### A.

■ Old Republic's first and second arguments center on Federal Rule of Civil Proce-

dure 54(c) ("Rule 54(c)"). Rule 54(c) provides in pertinent part:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

The purpose of this rule is to make "clear that a judgment should give the relief to which a party is entitled, regardless of whether it is legal or equitable or both." Fed.R.Civ.P. 54(c) advisory committee's notes; *see also Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir.1987) ("[T]he court is to determine, and award, the right relief in each case even if the complaint is silent on the question."). As this decision is within the sound discretion of the district court, we review it for an abuse of that discretion. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *North Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 918 (5th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 586, 136 L.Ed.2d 515 (1996); *Kaszuk v. Bakery and Confectionery Union and Indus. Int'l Pension Fund*, 791 F.2d 548, 559 (7th Cir.1986).

### 1.

■ Old Republic claims that the district court erred by not awarding it damages for ERC's failure to reimburse it. According to Old Republic, it presented evidence showing that ERC owed it $818,544.07 under its breach of contract claim if the court decided that the facultative certificates controlled. Since Old Republic believes that it raised this relief request in its complaint, during the trial, and in its post-trial motion, it views the court's failure to award damages to be an abuse of its discretion under Rule 54(c). In response, ERC contends that Rule 54(c) does not aid Old Republic because Old Republic is not a prevailing party.

■ Rule 54(c) states that "every final judgment shall grant the relief to which the party *in whose favor it is rendered* is entitled." Fed.R.Civ.P. 54(c) (emphasis added).

While it is undoubtedly true that district courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings, *see Valona v. United States*, 138 F.3d 693, 695 (7th Cir.1998), Rule 54(c) does not allow the district court to award relief based on a theory that was not properly raised at trial, *see Rivinius, Inc. v. Cross Mfg., Inc. (In re Rivinius, Inc.)*, 977 F.2d 1171, 1177 (7th Cir.1992), or to a party that has not prevailed, *see Pearson v. Fair*, 935 F.2d 401, 414 (1st Cir.1991).

Old Republic argues that it presented two theories to the district court in support of its breach of contract claim: one based on the letter of intent and another on the facultative certificates. Without the assistance of a pretrial order which focused the issues for trial [2] and without an argument on appeal that the parties impliedly consented to amending the pleadings pursuant to Fed.R.Civ.P. 15(b), we turn to Old Republic's complaint to determine whether the district court abused its discretion in not awarding damages.

Old Republic's breach of contract claim asserted that the letter of intent is a binding, valid, and enforceable contract, that the facultative certificates did not conform to the terms of the letter of intent, that Old Republic never agreed to the terms of the reinsurance program as set forth in the facultative certificates, and that ERC's refusal to provide reinsurance to Old Republic pursuant to the terms of the letter of intent is a breach of the letter of intent. See Complaint ¶¶ 16–17, 25–26, *Old Republic Ins. Co.*, No. 95 C 5983 (N.D.Ill. Oct. 13, 1995). After demanding that ERC honor its obligations under the letter of intent, Old Republic stated that it "has performed all conditions required on its part to be performed as specified in the Letter of Intent and in the facultative reinsurance certificates." Id. ¶ 28. Old Republic requested a judgment, money damages, prejudgment interest, and any other relief that the court deemed appropriate and just.

Even construing this pleading liberally, we cannot accept Old Republic's contention that

---

**2.** Pursuant to Fed.R.Civ.P. 16, the district court held a pretrial conference on October 8, 1996. Yet, the issues to be addressed at trial were not discussed in detail during that conference. The final pretrial order simply recognized that Old Republic brought an action for breach of contract and for declaratory judgment.

it stated a breach of contract claim under both the letter of intent and the facultative certificates. Old Republic placed all of its eggs in the letter of intent basket. The claim's single reference to the facultative certificates is not an assertion that ERC also breached the contract if the district court determined that the facultative certificates collectively formed the contract. Rather, it is a statement that Old Republic met all of its obligations under both writings. Thus, when the district court held that the facultative certificates were the controlling contract, it implicitly denied Old Republic's breach of contract claim. See *Old Republic Ins. Co.*, slip op. at 13. The court could not award damages for breach of the letter of intent when the facultative certificates formed the contract.

■ Because the court did not render final judgment on the breach of contract claim in Old Republic's favor, it is not entitled to relief. *See Pearson*, 935 F.2d at 414. Rule 54(c) limits the significance of Rule 8(a)(3)'s requirement of a demand for judgment once the litigation has begun by allowing the district court to grant the relief to which the prevailing party is entitled. *See* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2664 (2d ed.1983). It does not permit a court to impose liability where none has been established. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 610 (5th Cir.1993); *Flannery v. Carroll*, 676 F.2d 126, 132 (5th Cir.1982). Because Old Republic did not present a breach of contract claim based on the facultative certificates, the district court did not abuse its discretion by refusing to award damages.

### 2.

■ Old Republic also argues that the district court erred in compelling it to comply with ERC's facultative certificates since neither Old Republic nor ERC had requested injunctive relief. ERC counters that the court acted within its authority under Rule 54(c) to provide relief to which it is entitled.

■ Under Rule 54(c) the district court has a duty to grant whatever relief is appropriate, including injunctive relief, even if the parties have not specifically requested it.

*See Felce v. Fiedler*, 974 F.2d 1484, 1501–02 (7th Cir.1992) (remanding matter to address whether injunctive relief is necessary even though plaintiff only sought damages and attorney's fees); *Travis v. Gary Community Mental Health Ctr., Inc.*, 921 F.2d 108, 112 (7th Cir.1990) (reasoning that Rule 54(c) "requires courts to award the relief to which the prevailing party is entitled, even if that party did not request the relief or relied on the wrong statute"); *Illinois Physicians Union v. Miller*, 675 F.2d 151, 158 (7th Cir.1982) (awarding prevailing defendant award based on recoupment without counterclaim). However, the district court should not award relief to which the prevailing party is not entitled, *see* Rule 54(c), or relief that would unfairly prejudice the non-prevailing party, *see Albemarle Paper Co.*, 422 U.S. at 424, 95 S.Ct. 2362; *Felce*, 974 F.2d at 1501; *Kaszuk*, 791 F.2d at 559.

■ We do not see how ERC is entitled to injunctive relief. Before a court may award permanent injunctive relief, a party must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); *NLRB v. Electro–Voice, Inc.*, 83 F.3d 1559, 1567 (7th Cir.1996); *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386–88 (7th Cir.1984). ERC did not present evidence that it merits injunctive relief. ERC only established that the facultative certificates contained the controlling contractual terms. In awarding ERC declaratory judgment on this claim, the district court provided the relief to which ERC as prevailing party was entitled. If, at a later date, Old Republic does not comply with this declaratory judgment, then ERC may seek "[f]urther necessary or proper relief" under the Declaratory Judgment Act. 28 U.S.C. § 2202. We therefore hold that a declaration of the rights of the parties under the facultative certificates is all that is warranted. The district

court abused its discretion in awarding ERC injunctive relief.

### B.

Finally, Old Republic asserts that the district court erred in admitting evidence showing that ERC overpaid Old Republic on various claims under the ARA Program. ERC responds that any error in the admission of evidence is harmless because the evidence did not affect the declaratory judgment ruling and the court did not enter a monetary judgment in its favor.

ERC initially raised a counterclaim for any overpayments it made but voluntarily dismissed it. On the eve of trial, ERC sought leave to file a counterclaim to recoup these alleged overpayments. Judge Conlon denied that request. Before trial, the case was transferred to Judge Van Sickle. At trial, ERC presented a chart detailing how much ERC owed if the facultative certificates controlled to rebut Old Republic's damage claim for breach of the letter of intent. Old Republic objected to this exhibit as containing the overpayments from ERC's failed motion for leave to file a counterclaim. The district court admitted the evidence. Since ERC has not asserted a counterclaim, Old Republic argues the district court abused its discretion in admitting this evidence such that we should vacate the district court's judgment and remand with instructions for a monetary judgment in its favor.

We review a district court's evidentiary rulings for an abuse of discretion, *see United States v. Whitaker*, 127 F.3d 595, 601 (7th Cir.1997), *cert. denied*, — U.S. ——, 118 S.Ct. 1098, 140 L.Ed.2d 153 (1998); *United States v. Payne*, 102 F.3d 289, 294 (7th Cir.1996), but we do not alter a district court's judgment every time we conclude there is an error in the admission of evidence, *see United States v. Wimberly*, 60 F.3d 281, 286 (7th Cir.1995); *United States v. Saunders*, 973 F.2d 1354, 1359 (7th Cir.1992). "No error in either the admission or the exclusion of evidence ... is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." Fed. R.Civ.P. 61. Evidentiary errors satisfy this standard only when a significant chance exists that they affected the outcome of the trial. *See Collins v. Kibort*, 143 F.3d 331 (7th Cir.1998); *DeBiasio v. Illinois Cent. R.R.*, 52 F.3d 678, 685 (7th Cir.1995).

Even if we assume that the district court erred in admitting this evidence, its admission is harmless. The evidence about ERC's overpayments to Old Republic is irrelevant to the question of whether the letters of intent or the facultative certificates contained the controlling contractual terms. Once the court determined that the certificates formed the contract and that Old Republic did not assert a breach of contract claim based on those certificates, the court was not obligated to decide how much ERC owes Old Republic and whether ERC deserves credit for any overpayments. Thus, any error in the admission of evidence was harmless as it did not affect the district court's judgment.

For the above reasons, we AFFIRM the district court's judgment to the extent it orders that the facultative certificates govern the obligations of the parties and VACATE the portion that compels Old Republic to comply with those certificates.