In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1355

Ellis Leroy Crabtree,

Plaintiff-Appellant,

v.

National Steel Corporation,
Granite City Steel Division,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 98-38-GPM--G. Patrick Murphy, Chief Judge.

Argued January 10, 2001--Decided August 20, 2001

Before Ripple, Kanne, and Williams, Circuit
Judges.

Williams, Circuit Judge.  Ellis (Jim)
Crabtree filed this suit alleging that
his former employer, Granite City Steel
Division of National Steel Corporation
("Granite City Steel"), failed to rehire
him in violation of the Age
Discrimination in Employment Act
("ADEA"), 29 U.S.C. sec. 621 et seq. The
jury found in favor of Granite City
Steel, and the district court denied
Crabtree a new trial. On appeal, Crabtree
raises a variety of discovery,
evidentiary and trial issues. We reject
each argument and affirm.

I.  BACKGROUND

   Crabtree was discharged from Granite
City Steel pursuant to a reduction in
force ("RIF"). In exchange for a
severance package, he signed a waiver and
release of claims relating to his
discharge. Later that same year, Crabtree
applied for various vacant positions
advertised by Granite City Steel. Granite
City Steel decided not to rehire Crabtree
because it determined that Crabtree was
volatile and not a team player based on
reports that he engaged in violent
confrontations with co-workers and his
involvement in a domestic violence

incident that was publicized in the local newspaper. Crabtree sued Granite City Steel alleging that its failure to rehire him was on account of his age. He did not challenge his discharge, although the theory of his claim was that the RIF began the process by which Granite City Steel terminated older supervisors and replaced them with younger ones. After much wrangling with the district court over continuances, discovery disputes, and evidentiary rulings, Crabtree's failure to rehire claim went to trial./1 The jury returned a verdict in favor of Granite City Steel and Crabtree moved for a new trial. He appeals the district court's denial of that motion.

## II.  ANALYSIS

Most of the wrangling with the district court appeared to be a result of the judge's dissatisfaction with how the parties handled their discovery disputes and were preparing for trial. On appeal, Crabtree argues that the district court erred in: 1) failing to adequately monitor and manage the parties' discovery disputes; 2) limiting the trial time; 3) excluding evidence that Granite City Steel destroyed documents; 4) tendering certain jury instructions; and 5) excluding the testimony of two witnesses at trial. We review a denial of a motion for a new trial for abuse of discretion. Mayall v. Peabody Coal Co., 7 F.3d 570, 572 (7th Cir. 1993). But, even if we find that the district court abused its discretion, we will not reverse a jury verdict if the error is harmless, i.e., does not affect the substantial rights of the parties. Fed. R. Civ. P. 61./2

### A.  Discovery Matters

We will first consider Crabtree's argument that he is entitled to a new trial because the district court did not adequately manage discovery in that it failed to: 1) rule on his discovery abuse and ex parte contact motions in a timely fashion, 2) grant him a continuance of the trial date, and 3) impose sanctions against Granite City Steel for its alleged discovery abuses. We find no error on these grounds.

Here, the district court ruled on Crabtree's motions for sanctions for

discovery abuse and to allow him to conduct ex parte interviews with former and current Granite City Steel employees two months after the motions were filed. Such a short delay cannot be the basis of a new trial when, as here, there is no evidence that Crabtree was prejudiced by the delay because the motion for sanctions was baseless (see discussion infra), and most of the information Crabtree sought to obtain from the interviews was either cumulative or irrelevant, and therefore, inadmissible at trial.

As for the court's refusal to continue the trial date to conduct further discovery, we have held that:

the common thread in the rare cases that reverse the denial of a continuance is the existence of changed circumstances to which a party cannot reasonably be expected to adjust without an extension of time. The typical 'changed circumstances' include illness of a key witness, illness of counsel on the eve of trial, or newly discovered evidence. On the other hand, where there are no changed circumstances and a litigant fails to take advantage of opportunities to conduct discovery, [we have] upheld the denial of additional time to conduct discovery.

Daniel J. Hartwig Assocs., Inc. v. Kanner, 913 F.2d 1213, 1222-23 (7th Cir. 1990) (citations omitted).

Crabtree's counsel served his first set of discovery requests only six weeks after he filed his appearance. Early in the case, he informed the court of his schedule and the problems in obtaining certain pieces of information from Granite City Steel. Throughout the pendency of the litigation, he persistently moved for a continuance of the trial date due to the same problems./3 We believe that considering the flood of documents exchanged between the parties and the multitude of discovery dispute hearings held the month before the trial began, the district judge should have granted a continuance. The problem for Crabtree, however, is that none of his requests was based on changed circumstances and the court actually granted a two-week extension of the trial date. So, although we have

problems with the court's decision to force the parties to trial under the circumstances present in this case,/4 we are constrained by our standard of review. Therefore, we conclude that the district court did not abuse its discretion in failing to grant more than a two-week extension of the trial date.

Likewise, the court did not abuse its discretion in failing to impose sanctions. Sanctions may be imposed when a party persistently fails to comply with a discovery order, see Ladien, M.D. v. Astrachan, 128 F.3d 1051, 1056 (7th Cir. 1997), and "displays wilfulness, bad faith or fault" in doing so. Philips Med. Sys. Int'l, B.V. v. Bruetman, 982 F.2d 211, 214 (7th Cir. 1992) (citing Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1179 (7th Cir. 1987)). Here, there was no evidence that Granite City Steel persistently, wilfully, or in bad faith, failed to comply with the court's scheduling order,/5 and Crabtree admitted as much in his motion for sanctions ("Plaintiff is not, at this time, claiming bad faith."), and again at an April 20, 1999 hearing on outstanding discovery issues ("Your Honor, there has been fairly substantial compliance with the requests that I've been making and I think Mr. Konzen and Granite City Steel are making really strong efforts in getting me materials. The trouble is that they're coming fast and furious. What I'm missing, though, is just statements of what I have and don't have."). Accordingly, the district court did not abuse its discretion in refusing to impose sanctions on Granite City Steel.

B.  Limitation on Length of Trial

Crabtree also takes issue with the district court's decision to limit the length of the trial (including voir dire, opening statements, and closing arguments) to four days. We find that the district court committed no error.

A district court that fixes a period of time for the trial as a whole does not per se commit an abuse of discretion so long as the time limit is flexible enough to accommodate adjustment if it appears during the trial that the court's initial assessment was too restrictive. MCI Communications Corp. v. Am. Tel. & Tel.

Co., 708 F.2d 1081, 1171 (7th Cir. 1983).

At a status conference on the day before the trial was to begin, the district judge limited Crabtree's time to present his case to 1  days with a one-hour rebuttal, and Granite City Steel's to one day. The judge felt that this was an appropriate amount of time based on his experience in trying employment discrimination cases before a jury, his beliefs that this was an uncomplicated case and that much of the evidence Crabtree wanted to present was cumulative or inadmissible. Although we believe that in an appropriate case a district court's decision to significantly cut the length of the trial on the eve of trial could be problematic, the court did not abuse its discretion here because it was necessary to constrain Crabtree's case and prune out cumulative (i.e., redundant testimony regarding Crabtree's management style) and irrelevant (i.e., testimony regarding the bad management style of younger managers) evidence. See McKnight v. Gen. Motors Corp., 908 F.2d 104, 115 (7th Cir. 1990) (noting that we commend district court judges who manage trials with an iron hand by scrutinizing witness and exhibit lists, and pruning redundant or marginal evidence). Additionally, once it became apparent during the trial that Crabtree needed more time, the judge allowed Crabtree more rebuttal time than originally estimated. Finally, there was no prejudice to Crabtree because even with the time constraints he was able to present several witnesses in addition to himself (six in his case-in-chief and nine in rebuttal) to testify to his management style and/or other employees' violent confrontations in the workplace for which no disciplinary action was taken.

C.  Destruction of Documents

The next argument we consider is Crabtree's assertion that the district court erred in excluding evidence that Granite City Steel improperly destroyed documents related to the RIF and applications and/or resumes of persons who applied for the positions Crabtree sought. We find no error here.

"The prevailing rule [in this circuit] is that bad faith destruction of a

document relevant to proof of an issue at trial gives rise to a strong inference that production of the document would have been unfavorable to the party responsible for its destruction." Coates v. Johnson & Johnson, 756 F.2d 524, 551 (7th Cir. 1985); see also Partington v. Broyhill Furniture Indus., Inc., 999 F.2d 269, 272 (7th Cir. 1993) ("[I]f, being sensitive to the possibility of a suit, a company then destroys the very files that would be expected to contain the evidence most relevant to such a suit, the inference arises that it has purged incriminating evidence.").

Although Granite City Steel destroyed most of the RIF documents while Crabtree's claim was pending before the Illinois Department of Human Rights ("IDHR"), there was no evidence that they were destroyed in bad faith. Granite City Steel destroyed the RIF documents only after maintaining them for two years (one year longer than required under company policy) and only after giving notice to the IDHR that it was doing so. Additionally, most of the RIF documents were not relevant to Crabtree's case because his lawsuit did not challenge the RIF, and those that were relevant-- Crabtree's own RIF evaluations--were preserved and produced./6

As for the applications, they were also destroyed in accordance with company policy. Moreover, the district court found that the applications did not contain the applicants' ages. Although Crabtree asserted that the ages were on the "short form" applications maintained by the Illinois Department of Employment Security, the district court found that no one from Granite City Steel saw that information. It may have been error to exclude evidence that Granite City Steel destroyed resumes that contained high school graduation dates, but due to the strength of the evidence supporting Granite City Steel's reason for not rehiring Crabtree, there was not a significant chance that the exclusion of the resumes affected the outcome of the trial. See Old Republic Ins. Co. v. Employers Reinsurance Corp., 144 F.3d 1077, 1082 (7th Cir. 1998).


D.  Jury Instructions

We also reject Crabtree's objections on various grounds to three instructions tendered to the jury. We review jury instructions to determine if, as a whole, they were sufficient to inform the jury of the applicable law. See Mayall, 7 F.3d at 573. Because most of Crabtree's arguments are frivolous, we will only discuss two of his objections.

First, Crabtree argues that jury instruction # 9 improperly placed the burden of persuasion entirely on him, and that once he presented direct evidence of age discrimination, the burden should have shifted to Granite City Steel. See id. at 573-74 ("'[O]nce the plaintiff in a civil rights case has shown that a forbidden purpose was a substantial factor in the decision to fire him, the burden shifts to the employer to persuade the court that the plaintiff would have been fired anyway, even if that purpose had not existed.'") (quoting Visser v. Packer Eng'g Assocs., Inc., 924 F.2d 655, 658 (7th Cir. 1991)).

Jury instruction # 9 provided that:

It is Jim Crabtree's burden to prove by a preponderance of the evidence that he was not re-hired by National Steel Corporation . . . because of his age. In order for you to determine whether Jim Crabtree was not re-hired because of his age, you must decide whether National Steel Corporation would not have re-hired Jim Crabtree had he been younger and everything else had remained the same.

This instruction was taken directly from an instruction that we upheld in Achor v. Riverside Golf Club, 117 F.3d 339 (7th Cir. 1997), as properly setting forth the burdens, and for the same reasons expressed in that opinion, we believe there was no error in giving it to the jury.

Crabtree also argues that jury instruction # 6 was improper when viewed in combination with instructions 9 and 10/7 because there was no definition of "preponderance of the evidence." Crabtree did not, however, raise this challenge below, and plain error review does not apply to jury instructions in civil cases. See Fed. R. Civ. P. 51; Achor, 117 F.3d at 342; Deppe v. Tripp, 863 F.2d 1356, 1361 (7th Cir. 1988). Therefore,

this challenge is waived.

Even if Crabtree had not waived this challenge, if there was any error in giving instruction # 6 along with instructions 9 and 10, we find that it was harmless. Instruction # 6 did not specifically state that it was defining "preponderance of the evidence," but it provided that:

When I say that a party has the burden of proof on any proposition, or use the expression 'if you find,' or 'if you decide,' I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

(emphasis added). We find this explanation of the burden of proof sufficient to inform the jury of the applicable meaning of "preponderance of the evidence." Moreover, considering the overwhelming evidence of statistics showing no age disparity after the RIF and of Crabtree's own violent demeanor (most of which we learned at oral argument was initially placed before the jury by Crabtree's counsel in his case-in-chief), if there was any error at all, it was harmless.

E.  Exclusion of Testimony

Crabtree's final argument is that the district court improperly excluded evidence that a supervisor told two employees who were both over the age of 40 that they "were too old to go with him through the millennium." The supervisor did not participate in the decision whether to rehire Crabtree and made the comment two years after the decision was made. Stray remarks made by non-decisionmakers are not evidence that the decision had a discriminatory motive. Hunt v. City of Markham, Illinois, 219 F.3d 649, 652 (7th Cir. 2000); Cullen v. Olin Corp., 195 F.3d 317, 323 (7th Cir. 1999); Cianci v. Pettibone Corp., 152 F.3d 723, 727 (7th Cir. 1998). Accordingly, the court did not abuse its discretion in excluding the remark.

III.  CONCLUSION

For the foregoing reasons, the judgment

of the district court is AFFIRMED.

FOOTNOTES

/1 The court refused to consider Granite City
Steel's motion for summary judgment because it
was untimely filed.

/2 Rule 61 of the Federal Rules of Civil Procedure
provides:

No error in either the admission or the exclusion
of evidence . . . is ground for granting a new
trial or for setting aside a verdict or for
vacating, modifying, or otherwise disturbing a
judgment or order, unless refusal to take such
action appears to the court inconsistent with
substantial justice.

/3 Crabtree's counsel asserts that the judge was
required to consider his status as a sole practi-
tioner in determining whether to grant a continu-
ance. In United States v. Windsor, 981 F.2d 943,
948 (7th Cir. 1992), we identified factors that
should be considered in granting or denying a
continuance, and being a sole practitioner is not
among them.

/4 At the final pretrial conference two weeks before
trial, Judge Murphy stated:

"But I'm not going to continue the case. And if
I absolutely put everybody on both sides of this
case, and including your client, into the hospi-
tal for a transfusion because they'reexhausted
getting it done, that's the way it's going to
be."

/5 Once the district court became aware that the
discovery disputes were continuing as the trial
date quickly approached, it required Granite City
Steel's in-house counsel to testify at a hearing
and to swear in an affidavit as to what documents
had been produced and that the production was
complete, accurate, and in compliance with the
Federal Rules of Civil Procedure. Granite City
Steel did so.

/6 Crabtree's evaluations were relevant because
Granite City Steel scored each employee on vari-
ous factors including management style in order
to determine who would be discharged pursuant to
the RIF. Apparently, a manager stated that Crab-
tree was not rehired because he was part of the
RIF. Thus, the evaluations could have tended to
prove that Crabtree was or was not rehiredbecause
of his violent demeanor.

/7 Instruction # 10 provided that:

You may not return a verdict for Jim Crabtree just because you might disagree with National Steel Corporation's decision or believe it to be harsh or unreasonable, as long as National Steel Corporation would have reached the same re-hiring decision regardless of Jim Crabtree's age.