**Gerold Lee DAVIS, Plaintiff–Appellant,**

v.

**Patrick L. BROWN, Defendant–Appellee.**

No. 01–3406.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

## ORDER

Gerold Lee Davis, a federal prisoner proceeding pro se, appeals a district court order and judgment awarding damages as a result of his default judgment against the defendant in a breach of contract legal malpractice action filed under the court's diversity jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis sued an attorney (Brown) whom he retained to file a motion to vacate under 28 U.S.C. § 2255 before the statute of limitations ran on such an action. Bringing claims of negligence, breach of contract, and legal malpractice, Davis sought $500,000 in compensatory damages and $1 million in punitive damages as a result of Brown's failure to file the requested motion despite accepting a fee of $2,500. When Brown failed to respond to the com-

plaint, Davis requested entry of default and moved the district court for a default judgment. In a report filed on September 8, 1999, the magistrate judge determined that Davis's complaint met the jurisdictional prerequisites for federal diversity jurisdiction, and recommended that the motion for default judgment be granted and Davis be given the opportunity to establish his damages. With no objection from either party, the district court adopted the magistrate judge's report and recommendation, and ordered Davis to submit documentation in support of his claim for damages. The default judgment was entered on November 17, 1999.

Davis timely submitted an affidavit and other documentation to support his claim for $1.5 million in damages. On August 22, 2000, the magistrate judge determined that Davis was entitled to $4,500 in compensatory damages and $10,000 in punitive damages, and recommended that this amount be awarded. Davis timely objected, arguing that Fed.R.Civ.P. 54(c) barred the district court from entering any award other than that requested when the default judgment was entered. The district court overruled Davis's objection, adopted the magistrate judge's report, and awarded Davis a total of $14,500. The judgment was entered on March 27, 2001.

On appeal, Davis continues to argue that the district court erred in its application of Rule 54(c) by awarding damages "different in kind" after the default judgment was entered. He seeks remand to amend the judgment to award him $500,000 in compensatory damages.

A district court's decision under Fed. R.Civ.P. 54(c) is reviewed for an abuse of discretion. *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir.1998); *Stewart v. Furton,*

---

\* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

774 F.2d 706, 710 (6th Cir.1985). We conclude that the district court did not abuse its discretion in determining the appropriate amount of compensatory damages in this case.

Although he objected to the entire damage award in his response to the magistrate judge's report, Davis does not challenge on appeal the award of $10,000 in punitive damages. Therefore, that issue is considered to be abandoned and is not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). In any event, the district court did not abuse its discretion in setting the amount of punitive damages.

Accordingly, the district court's judgment, entered on March 27, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.