Calvin G. LATNER, Plaintiff–Appellant,

v.

DELTA–HA, INC., and HA–International, LLC, Defendants–Appellees.

No. 02–3813.

United States Court of Appeals, Seventh Circuit.

Argued June 10, 2003.

Decided July 7, 2003.

Rehearing and Rehearing En Banc

Denied Aug. 6, 2003.*

Before KANNE, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

ORDER

In 2001 defendant Delta–HA, Inc. created a joint venture–HA–International, LLC–with one of its competitors. The joint venture sold coatings and resins, products used by manufacturers who cast molten metals. After creating the joint venture, Delta stopped selling coatings and resins itself, and terminated its entire sales force including 59–year–old Calvin Latner. Although most of the sales force was subsequently hired by the joint venture, Latner was not. Latner says he was terminated by Delta and not rehired by the joint venture because of his age, and

---

* Judge Ripple did not participate in consideration of this matter.

sued under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. The district court granted summary judgment to the defendants because Latner failed to establish that the defendants' reason for not rehiring him–that he was not as good at sales as other persons–was pretext. We affirm.

Latner began working for Delta in 1994. His duties included finding new customers for Delta's products and providing technical support to Delta's current customers. He reported to Delta vice-president Alex Otte. Although Latner landed a major new customer for Delta in 1998, he contends that at about this time Otte began repeatedly calling him "old fart," "old man," and suggesting that he retire. The defendants deny that Otte made those remarks.

The market for Delta's coatings and resins began dropping in 2000. In order to cut costs, Delta started talking to one of its main competitors–Borden Chemical–about consolidating the companies' coatings and resins lines. The companies eventually formed HA–International to sell the coatings and resins. As a result of the consolidation, Delta terminated its entire sales force, all of whom HA–International rehired except for Latner. HA–International contends that it did not hire Latner based in part upon the recommendation of vice-president Richard Smith, who while president of Delta observed that Latner was "not aggressive enough for sales."

Latner then sued. He named both Delta and HA–International as defendants, but he made allegations only against Delta, claiming that it "violated the ADEA when it terminated the plaintiff from his sales position." He alleged nothing about HA–International's failure to rehire him. However, when the parties filed a joint Case Management Plan under Federal Rule of Civil Procedure 16 and local rule 16.1, Latner added a failure-to-hire claim against HA–International.

The defendants moved for judgment on the pleadings and for summary judgment. They argued that HA–International was entitled to judgment on the pleadings because none of the allegations in Latner's complaint was directed against it. They also argued that even if HA–International was not entitled to judgment on the pleadings, summary judgment was nonetheless appropriate because Latner could not establish that similarly situated employees were treated better than him (given that they were also terminated), and because Latner could not show that the reason he was not hired by the joint venture was pretextual.

The district court granted summary judgment to Delta and HA–International. In doing so, the court did not separately analyze the wrongful termination claim against Delta and the failure-to-rehire claim against HA–International. Instead, the court analyzed Latner's claims as a single termination/failure-to-hire claim against a single defendant. The court then determined that although Latner had established a *prima facie* case of discrimination, he had not shown that HA–International's reason for not rehiring him was pretext.

■ The district court erred when it treated Latner's claims against Delta and HA–International as directed against a single defendant. There are limited circumstances under which affiliated corporations may be treated as a single defendant, such as when the affiliates ignore corporate formalities or when one directs the other to discriminate. *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940–41 (7th Cir. 1999). Latner presented no evidence that any of these limited circumstances existed, nor have we found any in the record. The district court therefore should have analyzed Latner's claims against each defendant separately.

Latner cannot establish a *prima facie* case against Delta because he cannot show that it treated similarly situated younger employees more favorably. *See Koski v. Standex Int'l Corp.*, 307 F.3d 672, 676 (7th Cir.2002). Latner identifies all of Delta's other former salespersons as similarly situated employees who were treated more favorably, but it is undisputed that they were all terminated along with Latner. Therefore summary judgment in Delta's favor on this claim was appropriately granted, though for a reason other than the one relied upon by the district court. *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 846 (7th Cir.2003).

As for Latner's claim against HA–International, he argues that he established pretext with evidence that he was a good salesperson. But the issue of pretext is relevant only if Latner first establishes a *prima facie* case against HA–International, and Latner makes no attempt to do so in his brief. *See Mills v. Health Care Servs. Corp.*, 171 F.3d 450, 454 (7th Cir. 1999); *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1179–80 (7th Cir.1997). Even if we assumed that Latner could establish a *prima facie* case, he cannot establish pretext. To establish pretext, an employee must show that his employer did not honestly believe the reason it gave for not hiring him. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 772 (7th Cir.2002). Latner attempted to challenge HA–International's explanation for not hiring him through his own affidavit, in which he stated that vice president Smith never saw him interact with customers and therefore lacked any basis to assess his skills. But Latner's affidavit states only that Smith never joined him during "technical sales calls." It does not contradict Smith's claims that he could assess Latner's skills by observing him during other types of sales meetings and situations.

Latner also suggests that pretext is apparent in the alleged ageist remarks by Otte, his supervisor at Delta. But Latner has offered no evidence that Otte was involved in HA–International's hiring decisions or that these decisions in any way stemmed from the objectionable remarks attributable to him. *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 723 (7th Cir. 2001); *Schreiner v. Caterpillar, Inc.*, 250 F.3d 1096, 1099 (7th Cir.2001).

The remaining evidence Latner offered on the issue of pretext–affidavits from former customers attesting to his proficient knowledge of resins and coatings, and the deposition testimony of supervisors detailing his procurement of a major new account–establish only that he was a good employee, not that HA–International did not honestly believe that Latner was not as good as the other salespersons it hired. *Franzoni*, 300 F.3d at 772.

For the preceding reasons, we AFFIRM the judgment of the district court.