**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018[*]
Decided March 20, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1937

| | |
|---|---|
| MICKEY MILLER,<br>  *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-cv-1603 |
| MICHAEL NINKOVIC, et al.,<br>  *Defendants-Appellees.* | Nancy Joseph,<br>*Magistrate Judge.* |

**O R D E R**

Mickey Miller sued several staff members of the Milwaukee County Jail for using excessive force in violation of his constitutional rights. A jury found in favor of the officers, and the district court denied Miller's motions to alter the judgment and for a new trial. Because Miller's challenges on appeal are meritless, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Miller alleges that five officers at the Milwaukee County Jail assaulted him on December 5, 2013. He asserts that they brutally beat him, first on an elevator ride during his move from the booking room to the 4D maximum security section of the jail, and then again on the "dogwalk" of 4D. Miller testified that he suffered severe injuries, including abrasions, torn-out dreadlocks, and "knots" on his forehead. The day of the beating, staff psychologist Melinda Andrzejewski visited Miller for an evaluation. In her report Andrzejewski did not record any physical signs of injury, but she did include Miller's assertion of emotional trauma because officers "beat him up again."

Miller, acting *pro se*, then filed this suit under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Early on he filed a successful motion requesting recruitment of counsel, and was represented by two attorneys. At trial a jury found that none of the defendants had used excessive force against Miller. The magistrate judge (presiding by consent, 28 U.S.C. § 636(c)), then entered judgment in favor of the defendants. She later denied Miller's post-trial motions.

On appeal Miller offers undeveloped arguments and cites no legal authority to support his assertions. *See* FED. R. APP. P. 28(a)(8); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013). But we read his brief as generously as we can to address the arguments that we can fairly discern. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Miller argues first that he was prejudiced at trial because the magistrate judge denied his request for a jury instruction on spoliation of evidence. A judge may instruct the jury to infer that destroyed evidence contained incriminating content if a party intentionally destroyed the evidence in bad faith. *See Crabtree v. National Steel Corp.*, 261 F.3d 715, 721 (7th Cir. 2001). Miller contends that the instruction was appropriate because he believes the defendants destroyed surveillance recordings from the elevator and the dogwalk where they allegedly beat him. But the magistrate judge found the spoliation instruction inapplicable because the dogwalk was not captured in surveillance footage and the footage from the elevator was not destroyed in bad faith; rather, it was automatically recorded over by a jail technician when storage capacity had been reached.

The magistrate judge did not abuse her discretion in rejecting the spoliation instruction. *See United States v. Rebolledo-Delgadillo*, 820 F.3d 870, 878 (7th Cir. 2016) (reviewing jury instruction for abuse of discretion). As the moving party, Miller bore the burden of demonstrating that the defendants destroyed the surveillance footage "for the purpose of hiding adverse information." *Bracey v. Grondin*, 712 F.3d 1012, 1019

(7th Cir. 2013) (quoting *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998)). Without evidence of any monitoring of the dogwalk, or that defendants destroyed footage of the elevator in bad faith, the judge reasonably assessed that Miller did not meet his burden. *See id.* at 1019–20 (affirming that prison's video surveillance recorded on a loop was not destroyed in bad faith).

Miller next argues that the magistrate judge misapplied her own ruling on a motion in limine. In his motion Miller requested the exclusion of character evidence, including evidence of Miller's multiple grievances and lawsuits against other correctional officers involving similar claims of excessive force. The magistrate judge granted this motion, but also stated in her oral decision that the defendants could elicit testimony from Andrzejewski about her contact with Miller in October 2013—after which she documented a bandage on Miller's forehead—as long as she did not mention that he had identified correctional officers as the source of his injury. The defendants offered the testimony to demonstrate Andrzejewski's detailed recordkeeping to support an inference that she would have noted serious physical injuries, if any, in December 2013. Miller challenges the judge's decision to allow Andrzejewski's testimony because he believes it was inconsistent with the ruling barring evidence of his former claims of excessive force.

Evidence of a crime, wrong, or other act is not admissible to prove a person's character or propensity to act a certain way. *See* FED. R. EVID. 404(b)(1). In this vein the magistrate judge granted Miller's motion to exclude evidence of his past claims of excessive force and his general litigious nature. And the defendants never violated the ruling. Andrzejewski testified about her report detailing Miller's bandage for an unspecified injury without tying the injury to an alleged attack on Miller. To the extent that Miller is attempting to argue that Andrzejewski's testimony also was inadmissible propensity evidence, he waived the argument because he did not timely object to the testimony at trial. *See* FED. R. EVID. 103; *Christmas v. City of Chicago*, 682 F.3d 632, 640 (7th Cir. 2012).

One matter remains. Miller asserts that he received ineffective assistance of his recruited counsel. But the Sixth Amendment right to effective assistance of counsel does not apply in a civil case. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). His argument is therefore frivolous.

AFFIRMED