NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018[*]
Decided May 30, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2446

| | |
|---|---|
| MARY F. MEYERS,<br>     *Plaintiff-Appellant,*<br><br>     *v.*<br><br>INDIANAPOLIS PUBLIC SCHOOLS<br>BOARD OF SCHOOL COMMISSIONERS<br>OF THE CITY OF INDIANAPOLIS,<br>     *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:14-cv-00973-SEB-DML<br><br>Sarah Evans Barker,<br>*Judge.* |

## O R D E R

Mary Meyers, an English as a Second Language teacher, sued the Indianapolis Public Schools Board of School Commissioners for employment discrimination after the School Board voted to discharge her for insubordination and neglecting her teaching duties. She asserted that the School Board discriminated against her based on her disability (ankle and back pain) in violation of the Americans with Disabilities Act, 42

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

U.S.C. § 12112(a). The district court entered summary judgment for the School Board, concluding that a reasonable factfinder could not decide that she was discharged because of her disability. We affirm.

During Meyers's tenure at Indianapolis Public School 79, the principal and ESL coordinator sent emails that Meyers interpreted as being hostile to her disability. The principal assigned Meyers to supervise the cafeteria during lunchtime despite her objection that she lacked the "physical endurance" to stand for the requisite time. After Meyers complained about this assignment, the principal responded skeptically about her asserted limitations. Nine months later, the school district's ESL coordinator informed a human resource supervisor of the view of School 79's principal that Meyers was "a pain to work with" and should be reassigned; the ESL coordinator asked why principals could not "evaluate these folks out." The email apparently amused the human resources supervisor, who replied "your email was cracking me up."

After Meyers transferred to School 105, the human resources supervisor and School 105's principal made light of her disability. The human resources supervisor forwarded to School 105's principal an email from Meyers stating that her colleagues had retaliated against her for having disability accommodations. The supervisor suggested that the principal meet with Meyers to discuss "working well with others [and] … her professionalism." The following term, ESL students told Meyers that they had overheard School 105's principal criticize her for not meeting her students to take them to their tutoring session. As reported by Meyers, the principal said, "[s]he [Meyers] should get off her butt and come down here to get these kids. I wish that I could just sit on my butt too, but I can't, I have to work."

While Meyers worked at School 105, its principal disciplined her for a variety of infractions that ultimately led the school district's superintendent to recommend to the School Board that it fire her for "insubordination" and "neglect of duty." School 105's principal already had suspended her for calling her students "lazy" and "stupid," recording them on her cell phone during class, and describing the principal as a "bitch" to another staff member. The principal also had disciplined Meyers for not requesting a substitute teacher to cover a day she took off, reporting late to work on eleven occasions, and not completing assigned paperwork on time. The School Board accepted the superintendent's recommendation and discharged Meyers.

Meyers sued the School Board for firing her because of her disability. In support she pointed to four pieces of evidence: (1) the email of School 79's principal expressing doubt about Meyers's asserted inability to supervise the cafeteria; (2) the ESL coordinator's email exchange with the human resources supervisor about Meyers being "a pain to work with"; (3) this supervisor's email dismissing her retaliation concern; and (4) her account that School 105's principal said that she "should get off her butt" to meet her students for tutoring.

The district court entered summary judgment for the School Board, concluding that the first three pieces of evidence did not suggest that the School Board was motivated by discriminatory animus when it fired Meyers and that the fourth piece of evidence was inadmissible hearsay that could not be used to create a fact question. The court further emphasized that the principal of School 79, the human resources supervisor, and the ESL coordinator were not "decisionmaker[s] when it came to Meyers's discharge" and therefore their statements did not justify inferring that discriminatory animus motivated her firing.

Our standard of review is de novo, and we construe all facts in the light most favorable to Meyers, the non-moving party. *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087 (7th Cir. 2018).

On appeal Meyers generally challenges the district court's grant of the School Board's summary-judgment motion. But we agree with the district court's decision; a reasonable factfinder could not conclude that Meyers was discharged because of her disability. *See Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503–04 (7th Cir. 2017); *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The first three pieces of evidence that Meyers references do not suggest that the School Board discharged her because of her disability. None of the employees Meyers points to had the authority to discharge her, and they made their statements more than one year before her discharge and do not refer to the possibility of her being discharged. "Stray remarks made by nondecisionmakers are not evidence that the [discharge] decision had a discriminatory motive." *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 723 (7th Cir. 2001). And Meyers's report of the students' assertion that the principal said she "should get off her butt" is inadmissible hearsay because Meyers's contention that students told her of this statement does not fall into an exception to the hearsay rule. *See* FED. R. EVID. 801(c), 802.

Meyers also asserts that the district court failed to construe the facts in her favor, as required at summary judgment. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).  But we have viewed all facts in the light most favorable to her without deferring to the district court's interpretation of the record.

AFFIRMED